**Ariana Denley** (OSB #173314)
Hutchinson Cox
940 Willamette Street, Suite 400
Eugene, OR 97401
Tel: (541) 686-9160
Email: adenley@eugenelaw.com

**Bruce A. Kaser** (WSBA #13532)
Vantage Law, PLLC
414 NE Ravenna Blvd., Ste A-1243
Seattle, WA 98115
Tel: (202) 909-7928
Email: bruce@vantagelaw.net
(admitted *pro hac vice*)

*Attorneys for Pratum Farm, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **PRATUM FARM, LLC,**<br><br>    Plaintiff,<br><br>vs.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE,**<br><br>    Defendant. | Case No.: 6:23-cv-01525-AA<br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff files this Sur-Reply to respond to a legal argument that was raised by Defendant for the first time in its Reply in Support of Defendant's Motion for Summary Judgment ("USDA Reply"). Because this argument was raised by Defendant both in support of its motion for summary judgment and in effect as a sur-reply to Plaintiff's Motion for Summary Judgment, Plaintiff respectfully requests that this Sur-Reply be considered for both parties motions for summary judgment.

For the first time, in the USDA Reply, Defendant argues that "farms" are not the thing certified for organic production: "Because each individual group member [farm] does not receive

Page 1 –    PLAINTIFF'S SUR-REPLY BRIEF

organic certification, they are plainly not included within the text of 7 U.S.C. § 6506(a)(5)." USDA Reply at 15 [ECF 28]. This argument is in direct conflict with 7 U.S.C. § 6506(a)(1), which requires that an agricultural product that is sold or labeled as "organically produced" must be "produced *only* on *certified* organic farms…" (emphasis added). Defendant attempts to support its theory with the novel argument that producer group members operate "fields" rather than "farms." USDA Reply at 15. However, the statutory authority cited by Defendant clearly states that organic certification can either be of an entire farm or only a portion of that farm. 7 U.S.C. § 6506(b). This makes sense – if a single farm maintains appropriate cross-contamination and other necessary protocols, it can produce both organic and non-organic products. This fits with the text of 7 U.S.C. § 6506(a)(5) that requires an "annual on-site inspection by the certifying agent of each farm." Meaning, even if only a portion of a farm is certified as organic, the farm is annually inspected.

Defendant's interpretation that 7 U.S.C. § 6506(a)(5) does not require any inspection of the farms of any producer group members creates situation where organic certification becomes entirely meaningless. It is this impermissible interpretation that has allowed non-organic products to be labeled and sold as organic to consumers throughout the country – i.e. Turkish hazelnuts.

For the foregoing reasons and those previously stated in Plaintiff's prior briefing, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Summary Judgment [ECF 12] and deny Defendant's Cross-Motion for Summary Judgment [ECF 19 and 20].

Dated: April 2, 2024

Respectfully submitted,

*Pratum Farm, LLC*

  s/Bruce A. Kaser
_____

**Bruce A. Kaser**
WSB 13532
Tel: (206) 909-7928
Email: bruce@vantagelaw.net

Page 2 –   PLAINTIFF'S SUR-REPLY BRIEF

## CERTIFICATE OF SERVICE

I certify that on April 2, 2024, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S SUR-REPLY BRIEF** on the party or parties listed below as follows:

- ☒ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery
- ☐ Via Facsimile

Anna Deffebach
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Facsimile: (202) 616-8460
anna.l.deffebach@usdoj.gov

Of Attorneys for Defendant

                                                      s/Bruce A. Kaser

                                                      **Bruce A. Kaser**