BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

ANNA L. DEFFEBACH (D.C. Bar No. 241346)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.,
Washington, DC 20005
Tel.: (202) 305-8356
Email: anna.l.deffebach@usdoj.gov

Counsel for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| PRATUM FARM, LLC,<br><br>      Plaintiff,<br> v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>      Defendant. | No. 6:23-cv-01525-AA<br><br>**Defendant's Notice of Supplemental Authority** |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant provides notice of the Supreme Court's decisions in *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. ___, 144 S. Ct. 2440, No. 22-1008 (July 1, 2024), and *Loper Bright Enterprises v. Raimondo*, 602 U.S. __, 144 S. Ct. 2244, No. 22-451 (June 28, 2024).

In *Corner Post*, the Supreme Court held that "[a]n APA plaintiff does not have a complete and present cause of action until she suffers an injury from final agency action, so the statute of limitations does not begin to run until she is injured." 144 S. Ct. at 2450. This case involves a challenge to the 2023 Final Rule, *National Organic Program: Strengthening Organic Enforcement*, 88 Fed. Reg. 3,548 (Jan. 19,

1

2023). However, that Final Rule codified longstanding policies of the National Organic Standards Board ("NOSB") that had been in effect since 2002 and 2008 ("the 2002 and 2008 NOSB recommendations"), which Plaintiff's Complaint may appear to also challenge.

*In addition to* arguing that Plaintiff waived its challenge to the Final Rule by failing to exhaust the issue before the agency, that Plaintiff lacks standing to challenge the Final Rule, and that the Final Rule is lawful, Defendant in its opening brief also argued that, to the extent Plaintiff seeks relief declaring unlawful the 2002 or 2008 NOSB recommendations, and any certifications issued pursuant to those policies, such a request would be time-barred under 28 U.S.C. § 2401(a) because the statute of limitations began to run when the agency enacted those policies. Def.'s Opening Br., ECF No 20, at 20-22; Reply Br., ECF No. 28, at 8-11. In light of *Corner Post*, however, Defendant respectfully withdraws its argument that the statute of limitations to challenge the 2002 and 2008 NOSB recommendations began to run when those policies were enacted. Defendant continues to rely on all other arguments asserted in its briefs, ECF Nos. 20 and 28, including the argument that Plaintiff has not established the necessary injury-in-fact to challenge any of the USDA's policies (including the 2002 and 2008 NOSB recommendations) relating to certification of producer groups.

In *Loper Bright*, the Supreme Court overruled its decision in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which held that silence or ambiguity in a statute should be regarded as an implicit delegation of authority to an agency. But *Loper Bright* reaffirmed that, "[w]hen the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court" is "to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." 144 S. Ct. at 2263. As the Court recognized, Congress "often" enacts statutes that contain such express delegations of discretionary rulemaking authority, *id.*, including where, for example, it "empower[s] an agency to prescribe rules to 'fill up the details' of a statutory scheme," *id.* (quoting *Wayman v. Southard*, 10 Wheat. 1, 43 (1825)). The Court further reaffirmed that when an agency rule promulgated pursuant to such authority is challenged under the APA, courts "stay out of discretionary policymaking"; the reviewing court's role is "to independently identify and

respect such delegations of authority, police the outer boundaries of those delegations, and ensure that agencies exercise their discretion consistent with the APA." *Id.* at 2268.

The Organic Foods Production Act provides an express delegation of rulemaking authority to the Secretary of Agriculture to establish "an organic certification program." 7 U.S.C. § 6503(a)-(d). Given the express delegation of authority identified in the government's opening and reply briefs, *see id.* §§ 6503, 6505, Opening Br. 3, 22-23, 26-28; Reply Br. 16-17, if this Court were to reach the merits, it should conclude that the Secretary of Agriculture appropriately exercised his rulemaking authority in promulgating the reasonable rule at issue in this litigation.

Dated: July 15, 2024

Respectfully Submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

*/s/ Anna L. Deffebach*
Anna L. Deffebach (DC Bar # 241346)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8356
Mobile: (202) 993-5182
Facsimile: (202) 616-8460
Email: anna.l.deffebach@usdoj.gov

*Counsel for Defendant*